# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAMON E. RIVERA,

            Petitioner,

v.

UNITED STATES OF AMERICA,

            Respondent.

Case No. 18-CV-459-JPS
Crim. Case No. 15-CR-51-1-JPS

**ORDER**

Petitioner Ramon E. Rivera ("Rivera") pleaded guilty to two counts of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2. *United States v. Ramon E. Rivera*, 15-CR-51-1-JPS (E.D. Wis.) (Rivera's "Criminal Case"), (Docket #187). On February 4, 2016, the Court sentenced him to thirty-two years' imprisonment, the mandatory minimum sentence for such crimes. *Id.* Rivera appealed his conviction, but it was upheld by the Seventh Circuit on February 3, 2017. *United States v. Rivera*, 847 F.3d 847 (7th Cir. 2017). The Supreme Court denied Rivera's petition for a writ of certiorari on June 5, 2017. *Rivera v. United States*, 137 S. Ct. 2228. Rivera filed a motion pursuant to 28 U.S.C. § 2255 to vacate his convictions on March 22, 2018. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

The Court begins by addressing the timeliness of Rivera's motion. Section 2255(f) provides that there is a one-year limitations period in which to file a motion seeking Section 2255 relief. That limitations period runs from the date on which the judgment of conviction becomes final. "[T]he Supreme Court has held that in the context of postconviction relief, finality attaches when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" *Robinson v. United States*, 416 F.3d 645, 647 (7th Cir. 2005) (internal citations omitted). According to the face of Rivera's petition, he filed the instant motion about ten months after the Supreme Court denied his petition for a writ of certiorari. Accordingly, Rivera's motion appears timely.

The Court turns next to procedural default. Section 2255 relief is appropriate if the Court determines that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). However, this form of action is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Therefore, any claims that Rivera did not raise at trial or on direct appeal are procedurally defaulted and he cannot raise them. *See Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

There are two exceptions to this rule. First, claims of ineffective assistance of counsel may be raised for the first time in a Section 2255 motion. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Second, Rivera may raise claims which he otherwise procedurally defaulted if he

demonstrates that there was cause for his failure to raise a claim earlier and that the failure has actually prejudiced him. *Torzala*, 545 F.3d at 522 (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

Rivera raises two grounds for relief. First, he asserts that the Court lacked jurisdiction to convict or sentence him to Hobbs Act robbery under 18 U.S.C. § 1951(a) & 2. (Docket #1 at 4; Docket #2 at 2-8) ("Ground One"). Second, Rivera argues that Hobbs Act robbery does not qualify as a "crime of violence," which is a necessary predicate for his Section 924(c) convictions. (Docket #1 at 5; Docket #2 at 8-15) ("Ground Two"). Also subsumed within Ground Two is an assertion that the residual clause of Section 924(c) is unconstitutionally vague. (Docket #2 at 12-15).

Rivera did not raise either Ground One or the second portion of Ground Two on appeal. The Court might treat these claims as procedurally defaulted, but because both grounds are plainly meritless, the Court need not reach that issue. As to Ground One, Rivera says that the robberies underlying his Section 924(c) convictions were of local businesses. He notes that to prove Hobbs Act robbery, the government must establish two elements: "a robbery and an effect on interstate commerce." *United States v. Carr*, 652 F.3d 811, 812 (7th Cir. 2011). He asserts that his robberies of local businesses did not affect interstate commerce, and requests that the Court "dismiss this robbery [sic] for lack of subject matter jurisdiction." (Docket #2 at 8).

As explained in *Carr*, "the law of this circuit requires the government to show only that the charged crime had a '*de minimis*' or slight effect on interstate commerce." *Carr*, 652 F.3d at 813; *see Taylor v. United States*, 136 S. Ct. 2074, 2079 (2016) ("The language of the Hobbs Act is unmistakably broad. It reaches any obstruction, delay, or other effect on commerce, even

if small."). Rivera says that the Supreme Court raised the burden of proof to require a "substantial effect" on interstate commerce in *United States v. Lopez*, 514 U.S. 549 (1995) (invalidating the Gun-Free School Zones Act), and *United States v. Morrison*, 529 U.S. 598 (2000) (invalidating part of the Violence Against Women Act). *Carr* rejected that contention, and this Court is not at liberty to disagree. *Carr*, 652 F.3d at 813.

Carr's crime was to rob a local convenience store, taking a mere $54. *Id.* at 812. The court nonetheless held that his crime had the requisite effect on interstate commerce:

> Although robbery itself is not necessarily economic activity, Carr's crime targeted a business engaged in interstate commerce. . . . An act of violence against even one business, like the convenience store in this case, could conceivably deter economic activity and thus harm national commerce. The economic harm would not necessarily depend upon the amount of money with which any particular defendant absconds. If retail stores, in the aggregate, have a substantial effect on commerce (which they undoubtedly do), then the federal government has a legitimate interest in preventing any crime like the one in this case.

*Id.* at 814 (citation omitted).

Applying the *de minimis* standard to Rivera's case, there is no question that the government properly asserted, and the Court properly exercised, jurisdiction. As detailed in his plea agreement, Rivera admits that he committed the robberies underlying his Section 924(c) charges. Criminal Case, (Docket #117 at 12). Specifically, Rivera attests that he participated in the robberies, that he knew a gun would be displayed during the robberies, and that the victim businesses "engaged in the purchase and sale of commodities in interstate commerce." *Id.* at 13-18. Ground One is plainly meritless.

As to Ground Two, Rivera largely regurgitates the arguments he made on appeal. The Court of Appeals' opinion supplies the answer to those claims:

> [W]e have recently decided that Hobbs Act robbery indeed qualifies as a "crime of violence" under § 924(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Anglin*, [846 F.3d 954, 964 (7th Cir. 2017)] (quoting 18 U.S.C. § 924(c)(3)(A)). The Hobbs Act defines robbery in relevant part as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Because one cannot commit Hobbs Act robbery without using or threatening physical force, we held that Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction. *Anglin*, [846 F.3d at 965].

*Rivera*, 847 F.3d at 848-49. Rivera's discussion of the categorical approach in *Mathis v. United States*, 136 S.Ct. 2243 (2016), has no relevance here, as it only applies to an analysis of the residual clause of Section 924(c). *Id.* at 849; *see* 18 U.S.C. § 924(c)(3)(B). Likewise, Rivera's newfound vagueness concern is also meaningless; "[Rivera's] Hobbs Act robbery conviction serves as a valid predicate for his Section 924(c) conviction by way of the elements clause of Section 924(c)(3), not the residual clause." *Jones v. United States*, 17-CV-933-JPS, 2017 WL 3016819, at *2 (E.D. Wis. July 14, 2017).

Because Rivera is plainly not entitled to relief on either ground presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To

obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Rivera must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Rivera's motion presented viable grounds for relief; his claims are a formulaic recitation of arguments which prisoners have raised, and courts have rejected, for many years. As a consequence, the Court is compelled to deny a certificate of appealability as to Rivera's motion.

Finally, the Court closes with some information about the actions that Rivera may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this

deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge